8UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FELICIA JOYNER,

    Plaintiff,

vs.                                                          CASE NO. 3:10-cv-255-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

## **O R D E R**

This case is before the Court on Plaintiff's Petition for Attorney Fees (Doc. #19, Petition), filed October 20, 2011. Plaintiff's counsel requests an award of $3,498 in attorney fees pursuant to the Equal Access to Justice Act (hereinafter referred to as EAJA). Plaintiff advised Defendant does not have an objection to the relief sought (Doc. #19, ¶ 9). Defendant did, however, file a response to the Petition (*see* Doc. #20), in which the Commissioner stated the caveat there was no opposition to the sought relief, "provided this is the only petition filed by Plaintiff in this case under 28 U.S.C. § 2412(d)" (Doc. #20 at 1). The Court has reviewed and considered the positions of both parties.

Based upon a review of the information contained within the record, the Court makes the following legal and factual findings:

1.     Attorney fees are authorized in this action because Plaintiff, having obtained a sentence for remand/reversal of a denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), and the Commissioner failed to apply the proper legal standards in evaluating the case. Therefore, the Commissioner's position here was

not substantially justified. Moreover, Plaintiff filed a timely application for attorney fees. Plaintiff expressly states "Plaintiff's net worth at the time this proceeding was filed was less than two million dollars", and there are no special circumstances which would make the award unjust (Doc. #19, ¶ 7)). *See also* 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

   2. The amount of attorney fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees shall not exceed $125 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A). The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. § 406(b)(1)(A). There is no contention here that the claimed fee would exceed that amount.

  It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such a change is not absolutely required. *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). *Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion. *Id.* Plaintiff's counsel requests an enhancement of the statutory fee rate of $125 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104- 121, §§ 231-33 as codified in 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel argues that the statutory cap of $125 should be raised to $165 per hour for services provided in 2010 and 2011 (Doc. #19 at 7). The Court in its discretion has determined that this hourly rate is reasonable when factoring in the Consumer Price Index as a guide for Florida attorneys to be compensated under the EAJA.[1]

3.  The Court's review must consider not only the reasonableness of the requested hourly rate for attorney fees, but also whether the number of hours claimed for attorney fees under the EAJA were reasonably expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). In this instance, the Court has discovered a discrepancy in Plaintiff's request for compensation for services rendered that are not reflected in the Court record. More specifically, counsel has included one-half (.5 ) of a billing hour for preparation of an affidavit of indigency and letter to client, and review of the completed affidavit of indigency on March 22 and March 24, 2010 (*see* Doc. #19 at 9). Also on March 24, 2010, counsel has included one-half (.5) of a billing hour for preparation of "forms; Letter to Clerk filing Complaint; copy of letter and forms to client." *Id.* The record in this case reflects the filing fee was paid with the filing of the complaint (*see* Docket Entry note associated with Doc. #1, Complaint). There is no indication in the record that Plaintiff filed an affidavit of indigency seeking *in forma pauperis* status. Without a billing record that affirmatively reflects a decision not to file an affidavit of indigency, the Court declines to credit the one-

---

[1] The Court arrived at its conclusions after visiting the following website: www.minneapolisfed.org (last visited November 16, 2011). The Court refers to this public website for informational purposes only. The Court accepts no responsibility for and does not endorse any content found at this website. Furthermore, the Court's opinion is not affected should this website cease to be available in the future.

half hour for preparation of review of same as time reasonably expended by the attorney, and thus compensable under the EAJA, in this case. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d at 1301. Thus, the Court will deduct .5 hours from the number of hours for which Plaintiff seeks an EAJA award, finding twenty and seven tenths (20.7) hours were reasonably expended by Plaintiff's counsel in this federal litigation.

4. In light of *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528-29 (2010) (establishing that any award of attorney fees under the EAJA is subject to offset by the government of any debt owed by the plaintiff to the United States)*,* this Court finds it a better practice to award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award. Thus, the Court leaves it to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff counsel after a determination that Plaintiff does not owe a federal debt (*see Doc.* #19 , ¶ 10).

5. The Court thus finds that $3,415.50 ($165 x 20.7 hours) is a reasonable amount for attorney fees in this case.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff's Petition for Attorney's Fees (Doc. #19), is **GRANTED** to the extent set forth above..

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,415.50 for attorney fees.

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of November, 2011.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record